## Bud Patterson *v.* The State.

1. Jurisdiction — Transfer of Misdemeanor Cases.— When an indictment is for an offense cognizable by a justice of the peace, and it appears to the district judge that the offense was committed in an incorporated town or city, the law commands that he shall transfer the cause to a justice therein, if there be one. But the law does not charge a district judge with judicial knowledge that any designated locality is an incorporated town or city and that there is a justice therein. If, therefore, those facts were not made to appear to the district judge when he transferred the cause to the County Court, the latter court acquires jurisdiction by the order of transfer, and that jurisdiction cannot be impeached in the County Court by a special plea that the offense was committed in an incorporated municipality and that there was a justice therein when the cause was transferred from the District Court.

2. Variance.— Indictment for playing cards in a public place described the place as "N.'s gambling room over J.'s saloon on A. street in Waco, Texas." Proof was that N.'s gambling room was not vertically over J.'s saloon, but was on the second floor of the same building and vertically over a shop which adjoined J.'s saloon on the ground floor. *Held*, that there was no material variance between the allegation and proof.

3. FARO AND PLAYING CARDS AT A PUBLIC PLACE are distinct offenses, and a conviction for one of them cannot legally be had upon an indictment for the other. Faro, though cards are used in dealing it, is a banking game, and is specially denounced as such by the Penal Code.

4. CHARGE ON A REASONABLE DOUBT.— An instruction for acquittal if the jury have a reasonable doubt as to the "guilt *or innocence*" of the accused involves an error worthy of correction, though not deemed a material one in the present case.

APPEAL from the County Court of McLennan. Tried below before the Hon. G. B. GERALD, County Judge.

The material facts in this case are disclosed in the opinion and the head-notes. Appellant was adjudged to pay a fine of ten dollars for betting against faro in Noel's gambling room on Austin street, Waco.

*Rector & Thomson,* for the appellant.

*H. M. Holmes,* for the State.

WILLSON, J. We are of the opinion that the defendant's special plea was properly overruled. It is only when it appears to the district judge ordering the transfer of the indictment, that the offense was committed in an incorporated town or city, and that there is a justice in such town or city, that he is required to transfer the case to such justice. (Code Crim. Proc. art. 436.) The district judge did not judicially know that Waco was an incorporated town or city, and that there was a justice therein, and it does not appear from the record, nor is it claimed by the defendant, that these facts were made to appear to the district judge when he transferred this case, or that the question was in any way brought to his notice. The question was raised for the first time in this case, in the County Court, by the special plea of the defendant, and in our opinion the objection came too late to receive consideration.

We think the *allegata* and the *probata*, with reference to the room or place in which the offense is alleged to have been committed, substantially correspond, and that the court did not err in the charges given, nor in refusing the charges asked upon this branch of the case, nor in admitting the testimony of the witness Noel to describe the place where the playing occurred.

But there is an error which we deem a substantial one, and because of this error we will reverse the case. The indictment charges the defendant with playing at a game with cards in a public place. The proof was that the defendant bet at a faro bank. The court instructed the jury in the following language: "If the jury believe from the testimony that defendant did play at a game in a public place, where cards were used, it will be their duty to return a verdict of guilty," etc. Playing at a game with cards and betting at a faro bank are separate and distinct offenses (Penal Code, arts. 355 and 364); and under an indictment charging one of these offenses, the accused cannot be legally convicted of the other. The game called faro is a banking game, and is specially named in the statute, and, although cards are used in playing it, it is not the offense named in art. 355, Penal Code, and for which the defendant was indicted.

The court also instructed the jury that if they had a reasonable doubt as to the guilt *or innocence* of the accused, they would acquit him, etc. While the error in this charge would not be sufficient to cause us to reverse the case, we have thought proper to call attention to it, that it may not be repeated in the future. The error is so manifest that we need only to call attention to it.

*Reversed and remanded.*